## Borough of Towanda *v.* Swingle, Appellant.

*Constitutional law—Streets—Repaving—Boroughs—Act of June 3, 1915, P. L. 807—Petition for repavement of streets—Estoppel.*

The Act of June 3, 1915, P. L. 807, providing that whenever any borough or incorporated town re-paves a street, or part thereof, which had already been paved at the expense of the entire municipality, the municipality may collect from the abutting property owners one-third of the cost of such re-paving in the same manner as if the re-paving were an original paving, is unconstitutional.

The re-paving of a street being purely a public duty for the general benefit, the cost thereof cannot be imposed upon abutting property owners, even though the cost of the original paving had been paid out of the municipal treasury.

In an action by a Borough to recover the amount of an assessment for the re-paving of a street, it appeared that the defendant, together with a number of other persons, petitioned the Borough for the re-pavement. The petition did not suggest that the cost of the repairs should be assessed upon abutting property, nor did it invoke the exercise by the municipality of the authority supposed to be conferred by the Act of 1915.

Under such circumstances, defendant was not estopped from questioning the constitutionality of the Act of 1915.

Argued November 15, 1926. Appeal No. 57, October T., 1926, by defendant from judgment of C. P. Bradford County, September T., 1922, No. 465, in the case of Borough of Towanda v. John W. Swingle. Before PORTER, P. J., HENDERSON, TREXLER, KELLER, LINN, GAWTHROP and CUNNINGHAM, JJ. Reversed.

Assumpsit to recover the amount of an assessment for the re-paving of a street. Before POTTER, P. J., 17th Judicial District, Specially Presiding, without a jury.

The facts are stated in the opinion of the Superior Court.

The Court entered judgment in favor of the plaintiff, in the sum of $162.23. Defendant appealed.

*Error assigned* among others, was the decree of the Court.

*Wm. P. Wilson,* and with him *J. Roy Lilley,* for appellant.—The Act of June 3, 1915, P. L. 807, is unconstitutional.    Hammet v. Phila., 65 Pa. 146; City of Erie v. Russell, 148 Pa. 384; West Third Street Sewer. Appeal of Williamsport, 187 Pa. 565, 566, 567.

*Rodney A. Mercur,* for appellee.

OPINION BY PORTER, P. J., March 3, 1927:

This is an action of assumpsit brought by the Borough of Towanda to recover from the defendant the amount of an assessment for the re-paving of a street upon which his property abutted.    The statement of claim filed by the plaintiff founded the alleged right to recover upon the provisions of the Act of June 3, 1915, P. L. 807, which legislation provided: "That whenever any borough or incorporated town re-paves a street, or part thereof, which had already been paved at the expense of the entire municipality, the municipality may collect from the abutting property owners one-third of the cost of such re-paving, in the same manner as if the re-paving were an original paving." The statement clearly disclosed that the assessment imposed upon the property of the defendant was for re-paving a street.    The affidavit of defense averred that Main Street had for many years been a main public thoroughfare of the Borough of Towanda, paved with hard and durable Medina stone blocks, which pavement was in good condition when the defendant bought the property in the year 1907 and had for many years prior to said date been maintained by the borough as a street with a pavement of an artificial hard surface covering said street its full width, but had in recent years been neglected by the borough authorities and suffered to become out of repair.    The affidavit admitted that the street had been repaved, but expressly denied that any lawful authority existed for the assessment of any part of the cost of the re-paving

upon his property. The case was tried, by agreement of the parties, before the judge of the court below without the intervention of a jury. Requests for findings of fact and law were filed by the plaintiff, which the court affirmed, and in due form stated its own findings of fact and conclusions of law and entered a preliminary finding in favor of the plaintiff. The defendant filed exceptions to the affirmance by the court of the plaintiff's requests for findings of fact and law and to the preliminary decree of the court, which exceptions the court overruled and entered final judgment in favor of the plaintiff. The defendant appeals and assigns for error the overruling of said exceptions and the entry of judgment in favor of the plaintiff.

The assignments of error raise two questions: (1) Is it within the power of the Legislature, in view of the constitutional provision against unequal taxation, to authorize boroughs and incorporated towns to impose local assessments upon abutting property for the cost of re-paving a public street, when the cost of the original pavement had been paid out of the municipal treasury? (2) Was this defendant estopped, by the facts disclosed by the evidence, to raise any question as to the constitutionality of the Act of 1915, P. L. 807? The first question is neither a new nor an open one. It has long since been definitely settled that, as a general rule, it cannot be done: Hammett v. Philadelphia, 65 Pa. 146. The statute here involved attempted to take the assessment which it authorized out of the operation of the general rule, by providing that it should apply only to streets which had originally been paved at the expense of the entire municipality. The re-paving of a street being purely a public duty for the general benefit, the cost thereof cannot be imposed upon abutting property, even though the cost of the original paving had been paid out of the municipal treasury. Williamsport v. Beck, 128 Pa. 147; Boyer v.

Reading City, 151 Pa. 185; Harrisburg v. Segelbaum, 151 Pa. 172. It was said, in the case last cited: "To hold, as we are urged to do in this case, that the owners of property abutting on Market Street are liable for the cost of the asphalt paving, merely because the expense of the original paving in 1832 was not paid by the then owners, but by the public of which they were part, would be a sad departure from the principle of all our cases." These decisions of the Supreme Court render discussion of the first question involved unnecessary. The Act of June 3, 1915, P. L. 807 is unconstitutional.

It is contended, however, on behalf of the borough, that this defendant is estopped from questioning the constitutionality of the Act of 1915 because of the fact that he, together with seventy-one other persons, signed a petition to the borough council stating that Main Street was "in need of repairs and improvement." "That the Medina paving located thereon is composed of solid quality of stone, standing on end and generally a foot or more in depth but the same has been in place for very many years and the surface of the pavement and foot crossings has become very uneven and is extremely difficult to negotiate travel and keep clean but owning to its well drained under support and with the years traffic and settling it is now unusually stable and firm." The petition suggested that the condition of the street could be remedied by covering the stone pavement with concrete or asphalt. The court below held that the signing of this petition estopped the defendant from questioning the constitutionality of the Act of 1915, which ruling is assigned for error. The petition did not purport to be that of owners of property which abutted on Main Street; it merely represented that the signers of the petition were taxpayers and citizens of the borough. It did not suggest that the cost of the "repairs and

improvement'' or any part of that cost, should be assessed upon abutting property. A copy of the petition with the names of the signers thereof was attached to the statement of claim, as was also a list of all the persons assessed for the improvement, and it thus appeared from the record that only four of the persons who signed the petition were the owners of property on Main Street. The petition did not refer to any statute and did not invoke the exercise by the municipality of the authority supposed to be conferred by the Act of 1915. The borough council did not act upon the suggestion that the defects in the pavement should be remedied in the manner suggested by the petition, but on the contrary, removed the stone pavement and paved the street with brick. This petition only asked the borough authorities to do that which it was their duty to do, without any petition, viz: Put the street in condition to be safe and convenient for public use. No reasonable construction of this petition can be held to have indicated to the borough council that it was the intention of the signers to suggest that the cost of repairing the pavement should be assessed upon abutting property, or to invoke the exercise by the borough authorities of the powers supposed to be conferred by the Act of 1915. The learned judge of the court below erred in holding that the signing of this petition by the defendant estopped him from questioning the constitutionality of the statute. The assignments of error are sustained.

The judgment is reversed.