Tassone, Appellant, *v.* Redstone Township School District.

Golembiewski, Appellant, *v.* Redstone Township School District.

Argued May 24, 1962. Before BELL, C. J., MUS-
MANNO, JONES, COHEN, EAGEN and O'BRIEN, JJ.

*Fred C. Adams,* with him *Ira B. Coldren, Jr.,* for appellants.

*A. J. Kuzdenyi,* for school district, appellee.

OPINION BY MR. JUSTICE COHEN, July 30, 1962:

Appellants are professional employees of appellee school district. Tassone had held the position of Assistant Supervisory Principal and Golembiewski of Principal in the school system. These positions were abolished by appellee school district at a meeting of the school board, and Tassone was assigned as a teacher in the high school at a reduced salary while Golembiewski was also assigned as a teacher of classes in the high school but without any diminution in compensation.

Subsequently, a public hearing was held by the board with regard to the abolition of the positions formerly held by appellants, after which the board passed a resolution sustaining its previous action.

Appellants appealed from this ruling to the Commonwealth Superintendent of Public Instruction who reversed the action of the school district and reinstated them to their former positions. The school district appealed from said order of reinstatement to the Court of Common Pleas of Fayette County and requested a hearing de novo. The court granted the petition and a hearing de novo was held for both appellants at the same time and testimony was taken relative to both cases. The hearing judge reversed the order of the

superintendent and upheld the school district's demotion of appellants. This action was affirmed by the court en banc. The instant appeal followed.

The lower court must be reversed.

On appeal by a school district from a ruling of the Superintendent of Public Instruction reversing its action, a court of common pleas should look to see only if there was a manifest abuse of discretion or an error of law on the part of the superintendent. The court below exceeded these bounds and took it upon itself to grant a hearing de novo, even though such action is contrary to law.

Concerning the right of appeal from the ruling of the superintendent relative to the dismissal or demotion of a professional employee, the Public School Code of 1949, March 10, P.L. 30, §1132, as amended, 24 P.S. §11-1132, provides in pertinent part: "(b) When appeal is taken from the decision of the Superintendent of Public Instruction to the court of common pleas of the county in which the district is located, . . . the judge of the court to whom such petition is presented shall fix a date for hearing by the court. . . . *If the professional employe aggrieved shall so request in his petition, such hearing shall be de novo.* Upon the hearing of said petition, the court shall make whatever order it considers just, either affirming or reversing the action of the Superintendent of Public Instruction, and stating plainly whether the professional employe is to be discharged or is to be retained." (Emphasis supplied).

From the wording of the statutory provision, it is clear that the only party who is entitled to a hearing de novo before a court of common pleas is the "professional employe aggrieved." This privilege was inserted in the legislation to afford the employee protection against a school authority which had failed to safeguard his interests during a hearing and to

avoid capricious and arbitrary behavior by the authority.

The hearing de novo enables the employee to secure a complete review by the court of the details surrounding his demotion or dismissal, and enables him to present facts previously unknown or unavailable to him during the initial hearing by the school board. The school authority has no need of such additional hearing. As the initiating party in any dismissal or demotion, it has command of the information which it feels justifies its action and is able to establish such justification on the record from the beginning. Had the legislature considered it necessary to grant the board the privilege of a hearing de novo, it would have so provided, as it did for the professional employee. For an opinion in accordance with this view, see *Appeal of School District of Wilkes-Barre,* 36 Luz. L. R. 196 (1941).

If the lower court had exercised its authority properly and merely examined the record of the hearing before the board to determine the propriety of the superintendent's action, it would have been compelled to affirm the reinstatements of appellants.

The hearing before the school board consisted exclusively of statements made by the appellants presenting their reasons why the demotions should not take place, along with testimony by a supervisor opposing the demotions. At no time during the hearing did the board present its reasons for making the changes or attempt in any way to substantiate its action. The prime function of any hearing procedure is to require the official authority to explain its action to the professional employee affected and to afford him the opportunity to present his position in light of such explanation.

Here, the board complied with the form but not the substance of the hearing procedure. Nowhere on

the record of the hearing does there appear any explanation or justification to appellants for the board's action. Nor could there be since the school authorities offered no testimony. To hold a hearing merely for the sake of having such a hearing accomplishes nothing. Accordingly, the hearing before the school board did not comply with the provisions of the School Code.

We do not challenge herein the right of the school board to demote a professional employee without his or her consent. As we stated in *Smith v. Darby School District,* 388 Pa. 301, 130 A. 2d 661 (1957) "[a]ny professional employee may be demoted under the statute [24 P.S. §11-1151] provided that such demotion . . . not be made in an arbitrary or discriminatory manner."[1] See also *Alberts v. Garofalo,* 393 Pa. 212, 142 A. 2d 280 (1958); *Streibert v. York School District Directors,* 339 Pa. 119, 14 A. 2d 303 (1940). The demotion, moreover, cannot become effective until *after* the hearing has taken place.

"Time and again our courts have stated that the purpose of the tenure provisions of the School Code is the maintenance of 'an adequate and competent teaching staff, free from political and personal arbitrary interference, whereby capable and competent teachers . . . and more efficiently perform their duty of instruction'. . . ." *Smith v. Darby School District,* supra, citing cases (388 Pa. at 311). The action of appellee board defeats this aim by its failure to comply with the provisions of the School Code.

---

[1] The relevant part of §1151 provides: ". . . there shall be no demotion of any professional employe either in salary or in type of position without the consent of the employe, or, if such consent is not received, then such demotion shall be subject to the right to a hearing before the board of school directors and an appeal in the same manner as hereinbefore provided in the case of the dismissal of a professional employe."

See also, 24 P.S. §§11-1131, 1132 relative to the procedure for appeals.

Appellee school district also asserts that since neither of the appellants occupied "mandated" positions they were not entitled to hearings at all. Such a contention is invalid. The opinion of Justice BENJAMIN R. JONES in *Smith v. Darby School District,* supra, effectively clarified the distinction between mandated and non-mandated positions, and entitled any professional employee to a hearing where there is a claim of demotion in type of position or salary.

Accordingly, the decree of the court below is reversed and the ruling of the Superintendent of Public Instruction is reinstated. Costs on appellee.