Lakeland Joint School District *v.* Gilvary.

416

Argued October 5, 1971, before President Judge Bowman and Judges Crumlish, Jr., Kramer, Wilkinson, Jr., Manderino, Mencer and Rogers.

*Paul H. Price,* with him *Oliver, Price and Rhodes,* for appellant.

*John R. Lenahan,* with him *Lenahan, Dempsey & McDonald* and *Charles S. Delaney,* for appellee.

Opinion by Judge Wilkinson, November 9, 1971:

This case involves the claim, under the Public School Code of 1949, Act of March 10, 1949, P. L. 30, Art. XI, Section 1151, as amended, 24 P.S. §11-1151, of the appellant to the position of principal of the Scott School from which he was removed and subsequently reassigned to teach in the Mayfield Junior High School building. On July 1, 1968, appellant was supervising principal of the Scott Township School System when it became a part of the Lakeland Joint School District. In anticipation of the amalgamation, Lakeland Joint School District had a special organization committee

which, on June 3, 1968, had recommended that the supervising principal of Lakeland be selected as supervising principal of the new jointure. It recommended further that the Scott building be in the charge of a head teacher and recommended an individual for this position who was teaching at Scott.[1] Finally, the organization committee recommended that the appellant, there being no position of supervising principal or principal vacant in the jointure, be reassigned as a classroom teacher. All of these recommendations were approved and adopted by the Board at its meeting August 28, 1968. The appellant was assigned to Mayfield School where a teaching vacancy existed in a subject area for which he was certificated.

Appellant filed a complaint in assumpsit against the School District of Scott Township in the Court of Common Pleas of Lackawanna County to recover the difference in his former salary as supervising principal and his current salary as a teacher. Preliminary objections were sustained, the court pointing out to appellant that he should pursue the administrative process providing for a hearing before the Board with appropriate appeals therefrom. *Gilvary v. School District of Scott Township,* 71 Lackawanna Jurist 105 (1970). On March 26, 1969, the Board held a hearing under the provisions of Section 1151 of the School Code of 1949, *supra,* apparently under what it considered to be the directions of the court when it dismissed the complaint.

---

[1] There is no evidence any place in the record that there was a teaching position vacant in the Scott building for which appellant was certified and to which he could be transferred. If he were to have been selected for the unmandated position of head teacher for which no certification was necessary, it would appear to be essential that a vacancy for which he was certified exist on the teaching staff. This would seem to be an essential element of his case, but the record is entirely silent on this point, it was not argued, and was not considered by this court.

A careful review of the evidence offered at the Board hearing does not reveal any derogatory evidence against appellant or the Board in the performance of their respective functions other than perhaps appellant stating that improvements that were made in the Scott School District were effected by him as supervising principal and not by the directors: "These are some of the improvements that were made in the school during my term as supervising principal. Now, it is up to the School Board to approve these, but you do not get improvements in a school unless the supervising principal is the force behind them. Generally, directors come to the school maybe once a month and, maybe, twice a month, and they don't know the conditions. These are some of the improvements that we carried on." Record at 53a-54a. The Board's decision was to approve its prior action.

Appellant filed a Petition for Appeal with the Superintendent of Public Instruction, now Secretary of Education. The Secretary of Education, acting through his representative, held a hearing on August 12, 1969, and reversed the decision of the Board, directing that appellant be restored to the position of principal of the Scott School. The necessary implication of the decision was that the Board reestablish the position of principal. The Secretary did this because no evidence had been offered to prove that either the Educational Committee or the School Board consulted the supervising principal or any other educator in its district prior to its action. The opinion relies on *Alberts v. Garofalo,* 393 Pa. 212, 142 A. 2d 280 (1958), *Smith v. Darby School District,* 388 Pa. 301, 130 A. 2d 661 (1957), and *Hibbs et al. v. Arensberg et al.,* 276 Pa. 24, 119 A. 727 (1923).

Appellee filed an appeal with the Court of Common Pleas of Lackawanna County and requested a hearing

dè novo. At the hearing de novo, the records of the hearings before the Board and the Secretary were made a part of the record. Testimony was taken from the supervising principal and the President of the Lakeland Joint School District and from the appellant. The court vacated the decision of the Secretary of Education and sustained the decision of the Board.

The court below found, based on the de novo hearing, that the supervising principal was consulted and that there was nothing arbitrary or discriminatory in the Board's action. After a careful review of the record, we find that there was evidence on which the lower court based its decision.

In a well-reasoned opinion, the court below proceeds from the presumption of the validity of the Board's action quoting from *Hibbs et al. v. Arensberg et al., supra,* and *Smith v. Darby School District, supra,* wherein it is stated: "The burden will be on the appellant to prove the impropriety of the Board's action (citing cases)." 388 Pa. at 320, 130 A. 2d at 672.

Appellant's argument relies on four factors to show the Board's action to be arbitrary and discriminatory:

(1) The appellant was not given a hearing before the Board action was taken.

The fallacy of this position is demonstrated by appellant's brief itself wherein it is stated: "The prime function of the hearing procedure is to require the official authority to explain its action to the professional employee affected, and to afford him the opportunity to present his position in the light of such explanation." Brief for Appellant at 5.

As pointed out by the court in sustaining the preliminary objections to appellant's original complaint, there was no allegation that a hearing was requested. *Gilvary v. School District of Scott Township, supra.* The letter offered by appellant's counsel at the subse-

quent Board hearing upon which he must rely to say a hearing was requested does not specifically request a hearing but merely states: "It is also evident that a reassignment must be de facto non-discriminatory. And, I, therefore, request that proper procedures be followed in any reassignment." Record at 38a.

(2) The duties of head teacher are the same as those of principal and, therefore, the Board action was merely a change in name, a sham to hide the discriminatory demotion.

The evidence before the lower court given by the supervising principal at the de novo hearings is quite to the contrary. Principals have many duties and responsibilities not given the head teacher. Further, the very school district here involved has had head teachers in two other school buildings for some time.

(3) Scott building is the largest attendance center in the district and is now without a principal and merely in charge of a head teacher.

This obviously is a question of judgment on the Board's part taken on the recommendation of its organization committee. This position of appellant is quite incompatible with his asserting that the duties and responsibilities of both offices are the same.

(4) If the mandated position of principal had been continued, the school district would have been reimbursed by the State which is not true of a nonmandated position of head teacher.

Far from supporting appellant's position, this reinforces the lower court's position that the duties of principal and head teacher are different and not merely the names.

We do not believe that the decision of the court below in any way jeopardizes the tenure system. When reorganizations are effected in the school system, especially as a result of additions to jointures, efficient

administration of the school system calls for the school board acting in concert with its administrators and advisors to exercise its best judgment, not capriciously, arbitrarily, or discriminatorily, to evaluate which administrative positions should be continued and which discontinued. Then it must select among those properly certified to fill mandated administrative positions. Tenure then requires that those certified for and formerly occupying mandated administrative positions for which no mandated administrative position is available must be reassigned to teaching positions within the district for which they are certified. This was done in this case.

The court below, with the records of the hearings before the Board at the de novo hearing, the Secretary of Education, and the additional testimony taken before it from the supervising principal and the President of the Board, as well as from appellant, decided that not only had the appellant not met the burden placed upon him to prove arbitrary, capricious and discriminatory action by the Board but, in fact, found to the contrary. We think the record supports the court's conclusion.

Affirmed.

————

CONCURRING OPINION BY JUDGE KRAMER:

Although the result of the majority opinion offends my sense of fairness and the action of the Lakeland Joint School District is, to me, an obvious attempt to circumvent the appointment of a statutory supervisory school official at the Scott School by the use of the term "head teacher", I must concur, inasmuch as my research leads me to the conclusion that the statute permits it.

If, however, this joint school district attempts in the near future to grant the so-called "head teacher" the

title and pay of a principal (in effect by-passing Gilvary), then, in my view, not only the spirit and intent of the statute but also the letter of the statute will have been violated. The circumvention of school statutes by the creation of supervisory titles not found in the statute should be viewed with great disfavor. However, since the Legislature did not see fit to protect the salary or position of statutory supervisory school officials involved in a school merger (except as to a lower teaching position for which they may be certified), this Court can do no more than the majority opinion has done. I concur.

Judge CRUMLISH joins in this concurrence.