Harold D. McCoy, Petitioner *v.* Lincoln Intermediate Unit No. 12, Respondent.

Argued June 5, 1978, before Judges CRUMLISH, JR., BLATT and DiSALLE, sitting as a panel of three.

*John D. Killian,* with him *Killian & Gephart,* for petitioner.

*Michael W. King,* with him *Emanuel A. Cassimatis,* and *Stock and Leader,* for respondent.

OPINION BY JUDGE BLATT, September 28, 1978:

Harold D. McCoy (appellant) appeals here from an order of the Acting Secretary of Education (Secretary) which dismissed his appeal from his demotion by the Board of Directors (Board) of the Lincoln Intermediate Unit No. 12 (L.I.U.).

The appellant was employed by the L.I.U. as Director of Special Education. In February of 1975, a then newly appointed Executive Director, Dr. Irvin A. Karam, held a meeting with the appellant to discuss his alleged deficiencies and "lack of accountability," and his resignation was then requested, with Dr. Karam assuring him of reassignment as a School Psychologist with no reduction in pay. Several days later the appellant wrote to Dr. Karam that he would resign only if the Board could legally demonstrate sufficient cause for his removing himself as Director of Special Education. On March 25, 1975, Dr. Karam submitted a Statement of Charges to the Board recommending the appellant's demotion to the position of School Psychologist, accusing him of (1) disloyalty to the Administration, (2) insubordination, (3) disruption of staff and personnel, and (4) incompetence as an administrator. On April 1, 1975, the Board adopted a resolution demoting the appellant from Director of Special Education to School Psychologist effective May 7, 1975. The appellant was notified by a letter dated April 3, 1975, of the action taken and of his right to a hearing under the Public School Code of 1949.[1] He requested such hearing and the Board met twenty-six times in the course of conducting the hearing. Meanwhile, the effective date of the appellant's demotion had been continued until June 30, the first expected date of the conclusion of the hearing, and then again

---

[1] Act of March 19, 1949, P.L. 30, *as amended*, 24 P.S. §1-101 et seq.

until August 5, 1975. During the hearing the four original allegations were supplemented by thirty-seven additional charges, and, on August 5, 1975 the Board sustained all four original allegations and thirty-three of the supplementary charges and demoted the appellant to the position of School Psychologist. He then appealed to the Secretary of Education and, following a hearing, the Acting Secretary entered an order sustaining the Board's action and dismissing the appeal. This adjudication is now before us on appeal.

This Court's scope of review in appeals from the Secretary of Education is to determine whether or not an error of law was committed, constitutional rights were violated, or necessary findings of fact are unsupported by substantial evidence. *Steffen v. Board of Directors*, 32 Pa. Commonwealth Ct. 187, 377 A.2d 1381 (1977); *Bovino v. Board of School Directors*, 32 Pa. Commonwealth Ct. 105, 377 A.2d 1284 (1977).

The appellant maintains here that he was not demoted on any valid basis but simply because his supervisor did not like him. He argues that his demotion should be set aside because he was denied substantive due process under the Public School Code of 1949 (Code), and under the fourteenth amendment of the United States Constitution.

The Board argues initially that the appellant had no property interest in his position nor any right to a hearing or to any of the other established procedures for effecting demotions under the Code because he had no written contract of employment. It cites two cases in which we have held that public school teachers' contracts must be in writing to be valid and enforceable. *Department of Education v. Jersey Shore Area School District*, 23 Pa. Commonwealth Ct. 624, 353 A.2d 91 (1976) and *Gordon v. Board of Directors*, 21 Pa. Commonwealth Ct. 616, 347 A.2d 347 (1975). We do not believe, however, that these cases are determinative of

the professional employee status of this appellant, for they were decided under Section 1121 of the Code, which, although it specifically requires contracts of professional employees of *school districts* to be in writing,[2] does not apply to employees of an *intermediate unit*.[3] *Commonwealth ex rel. Waychoff v. Tekavec*, 456 Pa. 521, 319 A.2d 1 (1974).

We note, however, that Section 913A of the Code, 24 P.S. §9-963(e), provides that all professional employees of an intermediate unit shall have the same rights of tenure as similar employees of a school district. There is no definition of "professional employee" in this Section concerning intermediate unit employees, but there is a definition provided in Section 1101 of the Code, which sets forth the procedures for demotion of professional employees, and we believe that this definition in Section 1101 would apply here. It provides that a "professional employee" shall refer to those employees who are certified as, among others, "supervisors" and "school counselors." 24 P.S. §11-1101(1). The regulations of the State Board of Education, of course, provide that the Department of Education has the responsibility for "designation of professional titles for personnel," 22 Pa. Code §49.13(b)(2),[4] and, pursuant to this authority, the Department has designated the titles for positions which would fall

---

[2] Section 1121 of the Code, applicable in those cases, provides: In all school districts, all contracts with professional employes shall be in writing. . . .
24 P.S. §11-1121.

[3] Intermediate units are comprised of numerous school districts. *See* Sections 901-A and 902-A of the Code, added by Section 1 of the Act of May 4, 1970, P.L. 311, 24 P.S. §9-951 and §9-952.

[4] Section 2(h) of the Act of August 13, 1963, P.L. 689, 24 P.S. §1225(h), amending the Act of May 29, 1931, P.L. 210, authorizes the Department of Education to prescribe the professional titles used in the public school system.

within the category of "supervisor" so as to include "Supervisor of Special Education."[5] Policies, Procedures and Standards for Certification of Professional School Personnel, Pennsylvania Department of Education (1970). We believe, therefore, that the appellant, as Director of Special Education was a "Supervisor," and that he was, therefore, a "professional employee" entitled to the protections afforded by the Code. And, among those protections, is his right not to be demoted in an arbitrary or discriminatory manner. Indeed, any failure on the part of a board to comply strictly with the procedures set forth in the Code will render an attempted demotion abortive. *Tassone v. Redstone Township School District*, 408 Pa. 290, 183 A.2d 536 (1962); *Smith v. Darby School District*, 388 Pa. 301, 130 A.2d 661 (1957); *Abington School Board v. Pittenger*, 9 Pa. Commonwealth Ct. 62, 305 A.2d 382 (1973); *Bilotta v. Secretary of Education*, 8 Pa. Commonwealth Ct. 631, 304 A.2d 190 (1973).

The appellant, relying on his rights as a professional employee, points to Section 1151 of the Code arguing that it fails to set forth any standards of conduct upon which a demotion can be based and is therefore constitutionally void for vagueness.[6] This section reads in pertinent part as follows:

----

[5] Similarly, a "School Psychologist" falls within the category of "school counselor" which is a "professional employee" under Section 1101(1), 24 P.S. §11-1101(1). *Charleroi Area School District v. Secretary of Education*, 18 Pa. Commonwealth Ct. 121, 347 A.2d 736 (1975).

[6] We believe the appellant can attack the statute as void for vagueness while alternatively claiming the right to the procedural protections provided within the same statute because the Code contains a severability section, Section 104, 24 P.S. §1-104. Furthermore, we note that one who obtains benefits under a statute is not always estopped from attacking the statute as being unconstitutional. *See Schenley Distillers, Inc. v. United States*, 153 F. Supp. 898

[T]here shall be no demotion of any professional employee either in salary or in type of position without the consent of the employee, or if such consent is not received, then such demotion shall be subject to the right to a hearing before the board of school directors and an appeal in the same manner as hereinbefore provided in the case of dismissal of a professional employee.

Our Supreme Court has recognized, in *Smith v. Darby School District, supra,* 388 Pa. at 308, 130 A.2d at 666, that "[t]he statute provides 'why' and 'how' an employee may be dismissed but only 'how' an employee may be demoted." And it held there that the demotion in question, resulting there from the abolition of a position, was valid as within the general power of school boards to maintain an efficient and competent school system. The Court said:

The determination that such action was necessary, if arrived at after a consideration of the educational needs of the school district rather than on any arbitrary or improper basis, was within the power of the school board. . . .

388 Pa. at 315, 130 A.2d at 669.

(E.D. Pa. 1957) *aff'd,* 255 F.2d 334 (3d Cir. 1958) ; *New York Life Ins. Co. v. Armenian-American Building & Loan Ass'n.,* 17 F. Supp. 694 (E.D. Pa. 1937) ; *Sexton v. Stine,* 456 Pa. 301, 319 A.2d 666 (1974) ; *Philadelphia, Morton & Swarthmore Street Railway Company's Petition,* 203 Pa. 354, 53 A. 191 (1902) ; *Borough of Towanda v. Swingle,* 90 Pa. Superior Ct. 82 (1927). *But see Arnett v. Kennedy,* 416 U.S. 134 (1974) wherein Justice RHENQUIST notes inconsistencies of application.

We do note that the provisions of the Code listing valid causes for termination of the same professional employees as immorality, incompetency, intemperance and cruelty, have been held not to be unconstitutionally vague or indefinite. *Bovino v. Board of School Directors,* 32 Pa. Commonwealth Ct. 105, 377 A.2d 1284 (1977). *See Albert Appeal,* 372 Pa. 13, 92 A.2d 663 (1952).

The Court also added, citing *Regan v. Stoddard,* 361 Pa. 469, 65 A.2d 240 (1949) wherein it approved the following language of the lower court:

> ' "We must reiterate that a court is not a super Board of directors with superior knowledge of the administration of business, finance, or the science of pedagogics. It would be presumptuous to superimpose judicial control upon the exercise of discretion by trained educators. The legislature has vested wide powers in the Board of school directors. . . . Our appellate courts repeatedly have affirmed their exercise of this discretion." '

388 Pa. at 315, 130 A.2d at 669.

The maintenance of an efficient and competent school system has clearly been accepted as a valid reason for the demotion of an employee, and we will accept it here. We would note further that dismissal for "such cause as will promote the efficiency of the force" has been upheld as not unconstitutionally vague and as not a deprivation of due process by our United States Supreme Court in *Arnett v. Kennedy,* 416 U.S. 153 (1974). A legislative enactment will be deemed invalid only if it is so vague and indefinite that courts are unable to determine with any reasonable degree of certainty the intent of the legislative body or so incomplete, conflicting and inconsistent in its provisions that it cannot be executed. Furthermore, we believe that the appellant here was well aware of the basis for his demotion. He was informed numerous times by his supervisor that his insubordinate, disruptive and disloyal conduct was in question, and clearly a professional employee whose failure to abide by legitimate instructions or to accept the authority of his or her supervisor may subject him to *dismissal,* is certainly subject to the lesser penalty of demotion. *See Spano v.*

*School District,* 12 Pa. Commonwealth Ct. 170, 316 A.2d 162 (1974). We cannot conclude that a person of ordinary intelligence was not capable of determining what conduct was proscribed and could therefore subject him to demotion proceedings, so we cannot accept the argument that there is an unconstitutionally vague standard being applied in this case.

The appellant argues further that he was denied procedural and substantive due process in his demotion because (1) he was not afforded reasonable notice that his conduct was unsatisfactory and constituted grounds for demotion; (2) the charges against him were continuously supplemented during the course of the demotion hearing; (3) the Executive Director, Dr. Karam, was unqualified to evaluate his work; (4) he was denied a fair and impartial hearing; (5) the charges were not sustained by substantial evidence that would lead an impartial tribunal to conclude that they had been proved. The law is clear that the action of a board in a case such as this is presumptively valid. *Hibbs v. Arensberg,* 276 Pa. 24, 119 A. 727 (1923); *Lucostic v. Brownsville Area School District,* 6 Pa. Commonwealth Ct. 587, 297 A.2d 516 (1972). And the appellant, as the demoted employee contesting the action of the Board, has the burden of proving the action to have been arbitrary, discriminatory, or founded upon improper considerations. *Smith v. Darby School District, supra; Lucostic v. Brownsville Area School District, supra; Lakeland Joint School District v. Gilvary,* 3 Pa. Commonwealth Ct. 415, 283 A.2d 500 (1971). We must agree here with the Acting Secretary that the record clearly indicates that the appellant was afforded notice of his unsatisfactory performance. It plainly shows that he had five meetings with the Executive Director over a one-year period during which an evaluation of his unsatisfactory performance was

made. And, as stated by the Acting Secretary, these meetings culminated in a lengthy discussion in February of 1975 during which the Executive Director informed the appellant that he was recommending his reassignment to the position of School Psychologist and discussed with him fifteen to twenty areas of concern, many of which are reflected in the record as having also been discussed with the appellant prior to that meeting. Furthermore, the appellant was provided with a statement of the charges against him and given ample notice of his opportunity for a hearing.

The appellant complains that at least twenty-nine allegations of misconduct, in addition to those covered in the first thirty-seven charges which in turn supplemented the original four basic complaints, were entered in the hearing record at various times during the course of the hearings without any prior notice to him. Our review of the record reveals, however, that these were not new and additional charges, but amplifications of the four basic charges (disloyalty, insubordination, disruption of staff and incompetent administration) and that they arose out of testimony given at the hearing and during the cross-examination of the appellant. Furthermore, inasmuch as the decision of the Board was based upon a vote solely regarding the statement of charges submitted to the appellant prior to the hearing, we believe that the appellant's argument as to lack of notice relative to these particular allegations is without merit.

The appellant also argues that the Executive Director had little or no knowledge of the administrative and psychological concepts necessary for administering and evaluating special education programs, and that his evaluation of the appellant's performance was therefore invalid. In support of this contention, he cites numerous statements by the Executive Director

at the hearing indicating that he might arguably have been adhering to invalid criteria.[7] Although the Executive Director was the person who evaluated and submitted the statement of charges against the appellant, he was not the adjudicator. The Board made the final determination, and it met a total of twenty-six times, hearing testimony from the Executive Director, the appellant, and numerous witnesses and considering legal arguments advanced by each party. The appellant had ample opportunity to establish the Executive Director's lack of credibility at the hearing if he could have done so, but it was the Board, of course, which considered and voted on the charges. As has been stated previously, the courts are not a superboard with superior knowledge of the administration of public schools or the science of pedagogics, and we will not disturb the findings of the Board merely because of a charge that they are based upon an allegedly unqualified evaluation witness. *See Smith v. Darby School District, supra.*

In support of the appellant's allegation that he was denied a fair and impartial hearing, he points out that when the Board met on April 1, 1975 it did not merely vote to notify the appellant that the statement of charges submitted could result in his demotion and that he had a right to a hearing, but also adopted a resolution demoting the appellant effective May 7, 1975. The law is clear that a demotion cannot become effective until after the hearing has taken place. *Tassone v. Redstone Township School District, supra; Abington School District v. Pittenger, supra.* This Court in *Abington* relied upon the language of our Supreme Court in *Tassone* where it stated:

---

[7] For example, when asked to define the basis for his evaluation of the appellant's allegedly improper attitude, the Executive Director responded, "It's like falling in love, you just know." (N.T. 392)

The prime function of any hearing procedure is to require the official authority to explain its action to the professional employee affected and to afford him the opportunity to present his position in light of such explanation.

. . . .

The demotion moreover cannot become effective until *after* the hearing has taken place.

408 Pa. at 293-94, 183 A.2d at 538-39.

The notice here read in part as follows:

[T]his Board has sufficient evidence to support its action and therefore said Harold D. McCoy is hereby demoted from Director of Special Education to School Psychologist as of May 7, 1975.

The Board argues that the procedure which it observed scrupulously followed the procedure approved in *Abington, supra,* because the Board made the effective date of this demotion several weeks later, not wanting to render a final decision until the hearing had concluded. In support of this argument, the Board points out that it referred in its action to the "pending demotion" and, after the hearings began, it continued the effective date of the demotion twice, once to June 30 and again to August 5, 1975. This Court said in *Abington, supra*:

The Board only needed to have passed a resolution that it had sufficient evidence to support its belief, to demote [the appellant] Albrecht by some given date, and therein direct the Secretary and President of the Board to serve notice upon Albrecht of this fact and to advise him of his right to a hearing.

9 Pa. Commonwealth Ct. at 71, 305 A.2d at 387.

The Board points out in addition that the final vote on the appellant's demotion was not unanimous on all

charges and so reflected the independence of the Board and the lack of a consistent voting pattern among the Board members. There is, of course, a presumption of honesty and integrity on the part of those serving as adjudicators, and we believe that the appellant has not met his burden of proving that the Board here was not an impartial tribunal or that it was bound by an arbitrary prejudgment.

The appellant argues, finally, that the charges were not sustained by substantial evidence and that the testimony in the record demonstrates that his performance was highly satisfactory. Our review of the record indicates, however, that testimony was received on all of the charges and that all were supported by substantial evidence. As noted in the opinion of the Acting Secretary, quoted in the Board's brief:

> It is not unusual for a highly competent professional technician or clinician to be advanced to a supervisory position where he finds himself unsuited for his new role. . . . Therefore, it is no reflection upon Mr. McCoy's professional competence as a psychologist that the Board has determined that he was performing unsatisfactorily in the supervisory position of Director of Special Education. In fact, the Board's decision to retain him as school psychologist is an endorsement of his competence as a school psychologist.

We believe that there is substantial evidence on the record to support the Board's decision to demote the appellant and that this action was taken as a reasonable exercise of the Board's discretion free from any violations of due process.

The order of the Acting Secretary sustaining the Board's action and dismissing the appeal is therefore affirmed.

## Order

AND Now, this 28th day of September, 1978 the order of the Acting Secretary of Education in the above-captioned matter is hereby affirmed.