Robert J. Nagy, Petitioner *v.* Belle Vernon Area School District, Respondent.

Argued December 7, 1979, before Judges WILKINSON, JR., ROGERS and CRAIG, sitting as a panel of three.

*Daniel Myshin,* of *Auto, Myshin & Martin,* for petitioner.

*John E. Costello,* for respondent.

OPINION BY JUDGE CRAIG, February 26, 1980:

Robert J. Nagy petitions for review of a decision of the Secretary of Education, which affirmed the action of the Belle Vernon Area School District Board of Education (board) in abolishing that district's non-mandated position of Director of Elementary Education, held by petitioner, and then returning him to classroom teaching.

Contemporaneous with that action, the board created a position of Supervisor of Curriculum and Instuction Grades K through 12, and named an individual, other than petitioner, to fill that position.

Our scope of review in appeals from the Secretary of Education is to determine whether or not an error of law was committed, constitutional rights were violated, or necessary findings of fact are unsupported by substantial evidence. *McCoy v. Lincoln Intermediate Unit No. 12,* 38 Pa. Commonwealth Ct. 29, 391 A.2d 1119 (1978).

The board acknowledges that its action in returning petitioner to a teaching position was a demotion, and as such entitled petitioner to a hearing on the grounds for that action, as provided by Section 1151 of the Public School Code of 1949 (Code), Act of March 10, 1949, P.L. 30, Art. XI, §1151, *as amended,* 24 P.S. §11-1151, in conjunction with §1127 of the Code, 24 P.S. §11-1127. We note here that a hearing is not required for the effective abolition of a position, but only for the accompanying demotion or dismissal of the employee. *Sharon City School District v. Hudson,* 34 Pa. Commonwealth Ct. 278, 383 A.2d 249 (1978); *Black v. Wyalusing Area School District,* 27 Pa. Commonwealth Ct. 176, 365 A.2d 1352 (1976). However, a demotion cannot become effective until after the hearing has taken place. *Tassone v. Redstone Township*

*School District,* 408 Pa. 290, 183 A.2d 536 (1962); *Mc-Coy, supra.*

Petitioner's argument is that his demotion was improper because the notice provided was insufficient, the hearing was not timely held, and, in any event, was not a fair hearing consistent with due process. We address these issues in the order stated.

We find no merit in petitioner's contention regarding the sufficiency of notice. Petitioner contends that the only notice received was a letter the board's secretary sent to him, under date of July 13, 1978, which stated in part that the position was being abolished "for reasons of economy and for a better structural arrangement in the district," and also that, pursuant to a request by petitioner's counsel, a hearing on the matter was scheduled for July 31, 1978. Enclosed with that correspondence was a copy of the resolution which the board had adopted abolishing the position held by petitioner, returning him to classroom teaching, and continuing his then current salary through the months of July and August of 1978. We cannot conceive of any more sufficient notice of the basis of petitioner's demotion than that presented.

With regard to timeliness, the record reveals that petitioner's request for a hearing was made on July 6, 1978; that the board responded in the correspondence described above; and that a hearing was conducted as scheduled on July 31, 1978. Clearly, that time span exceeds the 15-day maximum period within which a hearing must follow notice of charges, as prescribed in Section 1127 of the Code, 24 P.S. §11-1127, whether measured from the July 6 request, or from the July 13 correspondence which petitioner claims is the only notice provided. Because the demotion could not be effective before the hearing, *Tassone, supra,* and a hearing was in fact held, although beyond the prescribed limit, there was not such a material depar-

ture from the required procedures as to warrant reversal. The provision of the statute is to insure that a hearing may not be unduly delayed, and that the employee has some time in which to prepare. Neither of those purposes was frustrated in this case.

We similarly find no merit in petitioner's claim of due process violation in the hearing.

At a hearing on the demotion of a professional employee "two questions are before the school board: (1) whether or not the professional employee has been demoted . . . , and, (2) in the event the professional employee has been demoted, the reason for such demotion must be made clear and apparent." *Smith v. Darby School District*, 388 Pa. 301, 130 A.2d 661, 671 (1957).

Also, in *Lucostic v. Brownsville Area School District*, 6 Pa. Commonwealth Ct. 587, 297 A.2d 516 (1972), as to cases such as these, we listed these principles:

> (1) A Board of School Directors may demote a professional employe in position or salary or both without his or her consent. (Tassone v. Redstone Township School District, 408 Pa. 290, 183 A.2d 536 (1962)); (2) the action of the Board in such case is presumptively valid (Hibbs v. Arensberg, 276 Pa. 24, 119 A. 727 (1923)); and (3) the demoted employe contesting the Board's action has the burden of proving it to be arbitrary, discriminatory or founded upon improper considerations (Smith v. Darby School District, 388 Pa. 301, 130 A.2d 661 (1957); Lakeland Joint School District v. Gilvary, 3 Pa. Commonwealth Ct. 415, 283 A.2d 500 (1971)).

*Lucostic, supra,* 6 Pa. Commonwealth Ct. at 590-91, 297 A.2d at 518.

The burden was thus on petitioner to establish that his demotion was arbitrary, discriminatory or founded upon improper considerations.

Because the board acknowledged the fact of petitioner's demotion, the purpose of the hearing in this case related only to the second of the above-stated questions from *Smith,* the reason for demotion. The key reason was the abolition of the former position. Petitioner presented no evidence that the elimination of the job was arbitrary or otherwise an abuse of discretion. Conversely, the board did provide evidence that the abolition was part of a reorganization of the district's program "to insure smooth, effective management" of the district. *Smith, supra,* establishes that the abolition and creation of positions is within the discretion of the school authorities.

Importantly, we note that petitioner has made no allegation that the board's actions, in eliminating one position and creating another, amounted to a sham or subterfuge to demote petitioner without cause.

Thus, the creation and filling of the new position was not the issue here. Petitioner therefore misses the mark in citing the board's refusal to receive evidence relating to his certification and in alleging that the board erred in not permitting him to show his qaulification for the new position. Because the board based its demotion action on considerations unrelated to petitioner's qualifications or performance, those factors —particularly his qualifications for the new position —were not at issue.

Lastly, we cannot agree with petitioner's claims that the hearing was unfair because board members refused to disqualify themselves and because certain other evidence offers were rejected.

As to disqualification for bias, petitioner's counsel did not urge any basis for disqualification, but merely

that the board members be polled as to whether they would disqualify themselves or not. We find an analogy in *Spruce Hill Township School District v. Bryner,* 148 Pa. Superior Ct. 549, 25 A.2d 745 (1942), where in the context of a dismissal for cause (a more adversarial and less discretionary context than this case), the court stated:

> The making of the charges presupposes that the members of the board had some knowledge of the facts upon which the charges were based. Unless they had an opinion that the charges, if sustained, would warrant dismissal, they should never have been made. That a member of the board had an opinion at the time the charges were preferred . . . would not disqualify him . . . or invalidate the proceeding. . . . It was not incumbent upon the board to introduce into the record a refutation of appellant's unsupported charge that the members had closed their minds against . . . the professional employee, and were so biased that the only result would be unfair, incomplete, or warped conclusion.

Id., 148 Pa. Superior Ct. at 556, 25 A.2d at 748-49.

As to the rejected evidence offers, all of them related either to the new position or aspects of petitioner's performance in the abolished position, which became irrelevant as a consequence of its abolition.

In view of the presumptive validity of the board's action, *Hibbs v. Arensberg,* 276 Pa. 24, 119 A. 727 (1923), and the absence from the record of any independent evidence detracting from that presumption, we could not hold as a matter of law that the denials in question constituted violations of petitioner's right to be fairly heard.

Accordingly, we affirm the decision appealed from.

ORDER

AND Now, this 26th day of February, 1980, the decision of the Secretary of Education, affirming the demotion of Robert J. Nagy, is affirmed.

President Judge BOWMAN did not participate in the decision in this case.

Judge DISALLE did not participate in the decision in this case.