## Doebler v. Mincemoyer, Appellant.

Submitted January 18, 1971. Before BELL, C. J., JONES, EAGEN, O'BRIEN, ROBERTS, POMEROY and BARBIERI, JJ.

*Thomas C. Raup,* and *Fisher, Rice & Raup,* for appellant.

*T. Max Hall,* and *McNerney, Page, Vanderlin & Hall,* for appellee.

OPINION BY MR. JUSTICE POMEROY, December 20, 1971:

This is an appeal from a final order of the Court of Common Pleas of Lycoming County entering judgment against appellant in a quo warranto action.[1]

The facts, undisputed, are as follows: At the General Election of November, 1967, appellant was elected a director of the Jersey Shore Area School Board. He took office in December of 1967 and has served in that capacity since that time. At the time of and at all times since his election to the School Board, appellant has been an instructor in the Willamsport Area Community College. That Community College is sponsored by nineteen school districts, one of which is the Jersey Shore Area district. A director of a sponsoring school district has the power to vote for trustees of the Community College and to vote on the approval of its annual budget.

Appellee contends that appellant is precluded, by virtue of Section 322 of the Public School Code, from concurrently holding the office of School Director and

---

[1] A supersedeas petition filed by appellant at the same time as the filing of this appeal was denied by this Court, *per curiam,* on July 21, 1970.

teacher at the Community College. Section 322 of the Public School Code of 1949, P. L. 30, Article III, Section 322, as amended (24 P.S. 3-322) provides in applicable part: ". . . any person holding . . . the office of . . . teacher, or employee of any school district, shall not be eligible as a school director in this Commonwealth. This section shall not prevent any . . . teacher, or employee of any school district from being a school director in a district other than the one in which he is employed, and other than in a district with which the district in which he is employed operates a joint school or department." The lower court held that Section 322 indicated the Legislature's intention of prohibiting a teacher from having any supervisory control over his own employment. Accordingly, since appellant was a director of the Jersey Area School Board and since that School Board was one of the nineteen sponsoring school districts of the Community College where appellant taught, the lower court concluded that the two positions, in light of the legislative intent as the court determined it, were incompatible. As the opinion of the court puts it, "[t]o hold otherwise would give a director supervisory control over his own employment." We agree, and affirm.[2]

It is true, as appellant points out, that the Public School Code, *supra,* was enacted in 1949, and the Community College Act of 1963 in that year, Act of August 24, 1963, P. L. 1132, §1 et seq., 24 P.S. §5201 et seq.

_____

[2] The order entered below was as follows:

"ORDER

"And now, this twenty-sixth day of June, 1969, judgment is entered against the defendant. The defendant shall file with this Court, his election, in writing, stating which of the two positions he desires to retain. Such election shall be made within 30 days after this order becomes final. Each party to pay own costs.

"By the Court,

"C. F. Greevy, P. J."

Thus the incompatibility clause in the former act did not expressly encompass community college employment, nor was this accomplished when the relevant section, §322, of the Public School Code was amended in 1968, Act of January 12, 1968, P. L.     , No. 2, §1, 24 P.S. 3-322. We do not, however, consider that this sequence of legislative background compels holding that the offices here involved are compatible.

"It is a frequently repeated rubric, scarcely needing repetition, that a statute must be construed to effect the intent of the legislature. Act of May 28, 1937, P. L. 1019, §51, 46 P.S. §551." *Yohe v. Lower Burrell*, 418 Pa. 23, 28, 208 A. 2d 847, 850 (1965). The School Code, as noted above, expressly forbids a school teacher to be a school director in the district where he is employed, or in a district which operates a joint school or department with the district in which the teacher is employed. In the case at bar, appellant is a teacher in a community college sponsored by, among other school districts, the district in which appellant is a member of the School Board. The school directors of such sponsoring school districts annually adopt the budget of the sponsored community college; they also select the members of the board of trustees of the college. Appellant in his brief concedes that such directors "individually have a diluted measure of supervisory control over the community college". We think that such control by one who is a teacher at the college, even though "diluted", is precisely what the legislature intended to prohibit. While the institution where appellant teaches is indeed a college, we think it also comes within the purview of "joint school" as that term is used in Section 322 of the School Code.

The order of the Court of Common Pleas is affirmed.

Mr. Justice BARBIERI dissents.

134

DISSENTING OPINION BY MR. JUSTICE ROBERTS:

I dissent, for I am unable to accept the majority's classification of a community college as a "joint school" as that term is used in the Public School Code of 1949, Act of March 10, 1949, P. L. 30, Art. III, §322, as amended, 24 P.S. §3-322 (Supp. 1971). Also, I believe appellant's possible influence over the selection of the college's trustees and its annual budget appropriations was so negligible as to be *de minimis*.

The applicable statute provides: "Any citizen of this Commonwealth, having a good moral character, being twenty-one (21) years of age or upwards, and having been a resident of the district for at least one (1) year prior to the date of his election or appointment, shall be eligible to the office of school director therein: Provided, That any person holding any office or position of . . . supervisor, principal, *teacher, or employe of any school district,* shall not be eligible as a school director in this Commonwealth. This section shall not prevent any district superintendent, assistant district superintendent, supervisor, *teacher, or employe of any school district,* from being a school director in a district other than the one in which he is so employed, and other than in a district with which the district in which he is employed operates a joint school or department. . . ." Act of March 10, 1949, supra, 24 P.S. §3-322 (Supp. 1971) (emphasis added).

Unlike the majority, I consider the sequence of legislative enactments a persuasive indicator of the Legislature's intent not to include a community college within the incompatibility provisions delineated by the terms "joint school or department." The Public School Code, supra, was enacted in 1949, and the Community College Act, Act of August 24, 1963, P. L. 1132, §1 et seq., 24 P.S. §5201 (Supp. 1971) was not made a part of the law of this Commonwealth until 1963. It is dif-

ficult to understand how the drafters of the 1949 Public School Code (which used the same terms "joint school or department"), "intended" that nonexistent community colleges be considered "joint school[s] or department[s]." Furthermore, the Legislature had the opportunity in 1968 and again in 1970 when it passed amendments to Section 322 to consider including community colleges within the purview of the incompatibility clause. No such action was taken.

Furthermore, the majority concedes appellant's measure of control is diluted. The Jersey Shore Area School District is a district of the third class and thus has nine directors. Assuming that the other nineteen districts are of comparable size, appellant, as a director, possesses approximately $1/171$ of the available vote as to college trustees and the annual budget—hardly a significant control bloc. Because of our continued need for informed school board directors and involved college instructors, I believe appellant's dual capacity could be of substantial benefit to our educational system. Certainly I can perceive no persuasive statutory authority supporting the proposition that just because appellant was a community college instructor at the time he was elected as a school board director, the latter election is void for "incompatibility".

I dissent.

Mr. Chief Justice BELL joins in this dissent.