# Commonwealth ex rel. Waychoff *v.* Tekavec, Appellant.

522

Argued September 28, 1973. Before JONES, C. J., EAGEN, O'BRIEN, ROBERTS, POMEROY, NIX and MANDERINO, JJ.

*David E. Cohen,* for appellant.

*A. J. Kuzdenyi,* for appellee.

OPINION BY MR. JUSTICE MANDERINO, April 23, 1974:

The sole issue involved in this appeal is whether two positions held by the appellant, Edward T. Tekavec, are compatible under the Public School Code of 1949, Act of March 10, 1949, P. L. 30, arts. I-XXVII, §§101-2702, *as amended,* 24 P.S. §§1-101 to 27-2702. The Commonwealth of Pennsylvania is divided into twenty-nine regions called *intermediate units* under the Public School Code, Act of March 10, 1949, P. L. 30, art. IX-A,

§902-A, *as amended,* 24 P.S. §9-952. The intermediate units were established as successors to the County Boards of School Directors. Each intermediate unit has been established to provide on a regional basis certain educational services to school districts assigned to each intermediate unit.

The appellant, Edward T. Tekavec, is an *employee* of Intermediate Unit No. 1. He is employed as a supervisor of special classes. He is also an *elected member* of the Board of School Directors of the Carmichaels Area School District, one of the school districts assigned to Intermediate Unit No. 1 by the Public School Code.

The District Attorney of Greene County brought an action in quo warranto contending that the appellant could not simultaneously serve as an *employee* of Intermediate Unit No. 1 and as an *elected school director* of the Carmichaels Area School District. The trial court held that the appellant's employment position and his elected position were incompatible under the Public School Code, Act of March 10, 1949, P. L. 30, art. III, §322, *as amended,* 24 P.S. §3-322. The trial court, therefore, ordered the appellant to choose between the two positions. This appeal followed in which the appellant argues that his employment position and his elected position are not incompatible under the Public School Code. We agree and reverse.

The relevant section of the Public School Code provides: "Any citizen of this Commonwealth, having a good moral character, being eighteen (18) years of age or upwards, and having been a resident of the district for at least one (1) year prior to the date of his election or appointment, shall be eligible to the office of school director therein: Provided, That any person holding any office or position of profit under the government of any city of the first class, or the office of mayor, chief burgess, county commissioner, district attorney, city, borough, or township treasurer, member of coun-

cil in any municipality, township commissioner, township supervisor, tax collector, assessor, assistant assessor, any comptroller, auditor, constable, *executive director or assistant executive director of an intermediate unit, supervisor, principal, teacher, or employe of any school district, shall not be eligible as a school director in this Commonwealth.* This section shall not prevent any district superintendent, assistant district superintendent, supervisor, teacher, or employe of any school district, from being a school director in a district other than the one in which he is so employed, and other than in a district with which the district in which he is employed operates a joint school or department. A school director shall not be eligible to the office of member of council in any municipality." Act of March 10, 1949, P. L. 30, art. III, §322, *as amended,* 24 P.S. §3-322 (emphasis added).

The above statute is not applicable to the appellant. The only *employees of intermediate units* who are covered by the prohibition of the statute are *executive directors or assistant executive directors.* No other employment by an intermediate unit disqualifies a person from serving as a school director. The appellant is not an executive director or an assistant executive director of an intermediate unit. He is employed as a supervisor of special classes.

The statute also covers any person who is a supervisor, principal, teacher, or employee *of any school district.* The appellant holds none of these positions. The appellant is a supervisor of special classes in *an intermediate unit,* but he is not a supervisor of any `school district.* The word *supervisor* in the statute is modified by the words *of any school district.* Thus, a supervisor of an intermediate unit does not come within the scope of the statute. An *intermediate unit* is not a *school district.* Since the legislature used the terminology "intermediate unit" and "school district" separately in

the same sentence in the statute, it could not have intended those terms to be used interchangeably.

*Doebler v. Mincemoyer,* 446 Pa. 130, 285 A.2d 159 (1971), cited by the appellee, is not germane. The position in *Doebler,* which is not the same position involved in this case, was found to be within the prohibition of the above statute. The position in this case is not covered by the statute, and we cannot read the statute otherwise. The Statutory Construction Act, 1 Pa.S. §1921(b) provides: "When the words of a statute are clear and free from all ambiguity, *the letter of it is not to be disregarded under a pretext of pursuing its spirit.*" (Emphasis added.) Since the legislature has not declared that the two positions held by the appellant are incompatible, he may continue to serve as an elected school director of the Carmichaels Area School District, and simultaneously retain his employment as a supervisor of special classes for Intermediate Unit No. 1. *Commonwealth ex rel. Fox v. Swing,* 409 Pa. 241, 186 A.2d 24 (1962).

The order of the trial court is reversed.

---

Concurring Opinion by Mr. Justice Pomeroy:

I join in the opinion of the Court, but add these few words in regard to our decision in *Doebler v. Mincemoyer,* 446 Pa. 130, 285 A.2d 159 (1971).

*Doebler* involved the incompatibility of the positions of instructor in a community college and that of school director of one of the school districts sponsoring the college. Although the incompatibility clause of the Public School Code of 1949, P. L. 30, Article III, Section 322, *as amended* (24 P.S. §3-322), does not expressly encompass community college employment, it was the opinion of the Court in that case that a community college "comes within the purview of 'joint school' as that term is used in Section 322 of the School Code". 446 Pa. 130 at 133.

In the instant case, in contrast, in anticipation of the creation of intermediate units, Section 322 of the Public School Code was amended by the General Assembly to deal specifically with the problem of eligibility and incompatibility as affected by the new units.[1] That is to say, the legislature has seen fit to forbid only certain specified officers of intermediate units, *viz.*, an executive director or assistant executive director, from holding at the same time a position as school director. By such action, the legislature has evidenced a construction of the phrase "joint school or department" which does not include intermediate units. Thus, while in *Doebler* we were free to construe the quoted language so as to encompass community colleges, we are not similarly free with respect to intermediate units. As the opinion of the Court states, we may not disregard this clearly expressed letter of the law under the pretext of pursuing its spirit. Statutory Construction Act of 1972, 1 Pa.S. §1921(b).

Mr. Justice NIX joins in this concurring opinion.

---

[1] Section 322 was amended by Act of January 14, 1970, P. L. (1969) 468, §4, effective July 1, 1970. Intermediate units were created by a subsequent amendment, Act of May 4, 1970, P. L. 311, effective immediately.

---

DISSENTING OPINION BY MR. JUSTICE EAGEN:

In my view the issue presented by this appeal is grossly oversimplified in the majority opinion. The majority in their myopic analysis of this case, completely fails to examine the legislative intent behind the Pennsylvania Public School Code, the Act of March 10, 1949, P. L. 30, §101, et seq.

A study of the Public School Code reveals the following.

The appellant, Tekavec, as a member of the Board of Directors of the Carmichaels Area School District,

acts in establishing the operating budget of Intermediate Unit 1, of which the Carmichaels Area School District is a component part. Section 9-964(6) of the Act, 24 P.S. §9-964(6). Moreover, Tekavec due to his membership on the Carmichaels Area School District Board of Directors participates in the election of the Board of Directors of Intermediate Unit 1, Section 9-960 of the Act, 24 P.S. §9-960, and it is this Board which must approve the appointment and fixes the salary of the supervisor of special classes of Intermediate Unit 1, appellant's position, Section 9-964 of the Act, 24 P.S. §9-964. Thus, it is obvious the positions in which Tekavec asserts the right to possess are *incompatible;* and, therefore, to me the *narrow* construction the majority places on Section 322 of the Act defeats the legislative intent.

In construing Section 322, this Court is required to consider the evil which the legislature intended to remedy by the adoption of this Act. Certainly, the situation here presented, in which the Intermediate Unit Board of Directors appoints and controls the position of supervisor of special classes, while the appellant, as a member of component School Board, has certain powers and controls over the Intermediate Unit's Board of Directors, is a relationship the legislature sought to proscribe.

This Court has a duty to do more than narrowly read the words of a legislative enactment.

Mr. Chief Justice JONES and Mr. Justice O'BRIEN join in this dissenting opinion.