409 A.2d 24

COMMONWEALTH of Pennsylvania ex rel. Kenneth G.
BIEHN, Esq., District Attorney of Bucks
County, Pennsylvania

v.

**Mary Anne HAGER, Appellant.**

Supreme Court of Pennsylvania.

Argued Oct. 16, 1979.

Decided Dec. 21, 1979.

Reargument Denied March 5, 1980.

Richard W. Rogers, Norristown, Montgomery Co., for appellant.

Stephen B. Harris, First Asst. Dist. Atty., William C. Roeger, Jr., Perkasie, Bucks Co., for appellee.

Before EAGEN, C. J., and O'BRIEN, ROBERTS, NIX, MANDERINO, LARSEN and FLAHERTY, JJ.

## OPINION

LARSEN, Justice.

On February 23, 1977, the district attorney's office of Bucks County, appellee, filed a Complaint in Quo Warranto in the Court of Common Pleas of Bucks County against Mary Anne Hager, appellant. The complaint alleged that appellant was employed as an elementary school teacher by the Quakertown Community School District and that her position as teacher in that school district was incompatible with her position as a school director in the Pennridge School District. The complaint relied upon § 3–322 of the Public School Code of 1949, *as amended*, 24 P.S. §§ 1–101–27–2702 (1962) (hereinafter referred to as the Code). That section provides, in relevant part:

Eligibility; incompatible offices

Any citizen of this Commonwealth, having a good moral character, being eighteen (18) years of age or upwards, and having been a resident of the district for at least one (1) year prior to the date of his election or appointment, shall be eligible to the office of school director therein: Provided, That any person holding . . . the office of . . . teacher, or employe of any school district, shall not be eligible as a school director in this Commonwealth. This section shall not prevent any . . . teacher, or employe of any school district, from being a school director in a district *other than* the one in which he is so

employed, *and other than in a district with which the district in which he is employed operates a joint school or department. . . .* (emphasis added).

The complaint (as amended) further asserted that the Pennridge School District and the Quakertown Community School District (as well as the Palisades School District) jointly operated the Upper Bucks County Area Vocational-Technical School and that, therefore, the incompatibility provisions of § 3–322 (emphasized above) were operative. The prayer for relief demanded appellant's removal from her office of school director.

Responsive pleadings were filed and appellee's motion for judgment on the pleadings was granted. The opinion and order of the lower court held that appellant was prohibited from serving both as a teacher in the Quakertown School District and a school director in the Pennridge School District and, accordingly, ordered her removed from her office as school director unless she resign her position as teacher. This direct appeal was taken from that order.

There are no factual disputes. The sole issue before us is whether the Upper Bucks County Area Vocational-Technical School is a "joint school or department" within the meaning of § 3–322 of the Code. If so, the lower court's determination was correct; if not, its determination was in error.

As pointed out in the well-reasoned opinion of the court below, per the Honorable John Justus Bodley, § 17–1701 of the Code authorizes the board of school directors of two or more school districts to establish "joint schools or departments." That section provides:

> The board of school directors in any two or more school districts may, with the approval of the Department of Public Instruction, establish, construct, equip, furnish, and maintain joint elementary public schools, high schools, consolidated schools *or any other kind of schools or departments provided for in this act.* . . . No joint school or department shall be established without the approval of

the Department of Public Instruction or without receiving the affirmative vote of a majority of the members of the board of school directors in each district establishing the same. . . .

Article XVIII of the Code is entitled "Vocational Education." Section 18–1841 authorizes the creation of "area vocational-technical schools" by "area vocational-technical boards." "Area vocational-technical boards" are defined as "the boards of school directors of all of the participating districts *acting jointly*." 24 P.S. § 18–1840.1 (emphasis added); and *see* 24 P.S. § 18–1850.1(a). In the instant case, the Upper Bucks County Area Vocational-Technical School was established by the boards of school directors of the various participating schools acting jointly. A common-sense reading of the various provisions of the Code leads unerringly to one conclusion, that reached by the lower court—the Upper Bucks County Area Vocational-Technical School jointly created by the participating school districts is an "other kind of school or department provided for in this act" within the plain meaning of § 3–322.

Appellant cites and discusses several other provisions of the Code to persuade us that § 3–322 "joint schools or departments" does not include area vocational-technical schools created jointly by several school districts. Appellant's arguments are an attempt to distort the plain meaning of § 3–322 by resort to an overly technical and convoluted statutory construction of these various provisions. We are unpersuaded by these attempts, as the arguments are totally lacking in merit.

For the foregoing reasons, we affirm the lower court's order.

MANDERINO, J., did not participate in the decision of this case.

NIX, J., concurs in the result.