Central Westmoreland Area Vocational-Technical School, Petitioner v. Robert G. Scanlon, Secretary of Education, Respondent.

Argued September 12, 1980, before Judges WIL-KINSON, JR., ROGERS and MACPHAIL, sitting as a panel of three.

*Jon M. Lewis,* with him *Paul Welty,* for petitioner.

*Linda J. Wells,* Assistant Attorney General, for respondent.

*Ronald N. Watzman,* for Kenneth C. Richardson.

OPINION BY JUDGE ROGERS, October 31, 1980:

The Joint Operating Committee of the Central Westmoreland Area Vocational-Technical School has appealed from an order of the Pennsylvania Secretary of Education reversing the Committee's termination of Kenneth Richardson's employment with the Vo-Tech School as a tenured professional employee, and ordered his reinstatement. The issue is whether the Committee's action was a dismissal of Richardson

vesting the Secretary with jurisdiction to review it, or whether it was a suspension as to which the Secretary had no power of review.

The facts are not in dispute. The Vo-Tech School was created by a jointure of nine school districts and is operated by the Committee under Articles of Agreement. Richardson was hired as a teacher at the Vo-Tech School in 1975. He was a professional employee as that term is defined in Section 1101(1) of The Public School Code of 1949, Act of March 10, 1949, P.L. 30, *as amended,* 24 P.S. §11-1101(1) (School Code). In November 1977 he was elected to the school board of the Jeanette School District; one of the nine school districts comprising the Vo-Tech jointure.

The Committee consulted counsel who advised it that Richardson could not be paid as a teacher while acting as a director of a constituent district, on the authority of Sections 3-322 and 3-324, which provided, respectively:

Eligibility; incompatible offices

Any citizen of this Commonwealth, having a good moral character, being eighteen (18) years of age or upwards, and having been a resident of the district for at least one (1) year prior to the date of his election or appointment, shall be eligible to the office of school director therein: Provided, that any . . . teacher . . . shall not be eligible as a school director in this Commonwealth. This section shall not prevent any . . . teacher . . . from being a school director in a district other than the one in which he is so employed, and other than in a district with which the district in which he is employed operates a joint school or department . . . ;

and that:

No school director shall, during the term for which he was elected or appointed . . . be employed in any capacity by the school district in which he is elected or appointed, or receive from such school district any pay for services rendered to the district. . . .

Counsel also referred the Committee to the case of *Doelber v. Mincemoyer*, 446 Pa. 130, 285 A.2d 159 (1971), holding that the positions of teacher in a jointly operated community college and director of one of the constituent school districts were incompatible. He cautioned the Committee that the payment of salary to Richardson while he was a director could result in the surcharge of Committee members. *See In Re Spring Township Auditors*, 5 Northumberland Law Journal 339, 1 D. & C. 532 (1921).

The Committee then considered two alternative courses of action with respect to Richardson's teaching employment: dismissal for willful violation of the school laws pursuant to Section 1122 of the School Code and suspension pursuant to their asserted "inherent right . . . to meet a situation which was not covered in the School Code."[1] The Committee chose the latter course and adopted the following resolution:

We regretfully suspend Ken Richardson without pay or fringe benefits until such time

---

[1] The Supreme Court has recognized a school board's inherent authority to suspend a teacher pending dismissal where such action is necessary to insure the safety and well-being of the students. *Kaplan v. School District of Philadelphia*, 388 Pa. 213, 130 A.2d 672 (1957). However, it is clear from statements of the Committee at the time Richardson was dismissed that he presented no danger to students so this suspension rationale is inapplicable. Whether a school board has the inherent authority to suspend a professional employee in other situations, including the rather unique factual context here presented, is a question not now before us.

as it is clear that Mr. Richardson has a right to be paid as a teacher. He has done a good job, and we are just abiding by what law is guiding us to do so.

Richardson appealed the Committee's action to the Secretary pursuant to Section 1131 of The School Code, 24 P.S. §11-1131. He also filed an appeal in the Court of Common Pleas pursuant to the Local Agency Law, 2 Pa. C. S. §551 et seq., the remedy if the action was a suspension, which proceeding seems to be in abeyance pending the conclusion of this matter. The Secretary concluded that Richardson had been dismissed from his professional employment without valid cause as specified in Section 1122 of The School Code, 24 P.S. §11-1122 and, as noted, ordered his reinstatement.

The Committee says that the Secretary, who by Section 1131 is authorized to hear appeals of professional employees dismissed from their employment, had no power to review its action suspending Richardson. We agree.

The Secretary held that although the Committee denominated its action as a suspension it was, in fact, a dismissal. In support of this conclusion he noted that none of the factors which justify suspension under Section 1124 of the Public School Code, namely, decline in enrollment, alteration in program, consolidation and reorganization of schools, are present and that since the suspension was for an indefinite period it was effectively permanent. As for the first basis, the fact that none of the statutory grounds for suspension are present cannot make something else of an action called, and so clearly intended as, a suspension. As to the second basis, we note that every suspension is of indefinite duration in the sense that the event that will result in reinstatement may never take place

or, if it does, will do so in the indefinite future. Since Richardson was suspended from his teaching position, not dismissed, the Secretary was without power of review. Richardson's proper recourse is to contest the suspension as provided by the Local Agency Law, which he has invoked.

ORDER

AND Now, this 31st day of October, 1980, the order of the Secretary of Education appealed from is vacated and the appeal of Kenneth Richardson to the Secretary of Education is dismissed, without prejudice to his right to pursue his Local Agency Law appeal.