508 A.2d 391

The Crestwood School District, Petitioner *v*. Mary C. Redgate, Respondent.

Submitted in briefs June 26, 1985, to Judges CRAIG and PALLADINO, and Senior Judge BARBIERI, sitting as a panel of three.

*Joseph B. Farrell,* with him, *Harry P. Mattern,* for petitioner.

No appearance for respondent.

OPINION BY JUDGE PALLADINO, April 28, 1986:

Crestwood Area School District (School District) appeals from a decision of the Secretary of Education (Secretary) sustaining the appeal of Mary C. Redgate (Respondent) from her suspension without pay. We vacate the decision of the Secretary and dismiss Respondent's appeal to the Secretary for lack of jurisdiction.

Respondent served as a professional employee of the School District from 1962 until 1981, when she was discharged from her position as Assistant Principal of Crestwood High School. On January 23, 1981, the School Board notified Respondent of charges against her which could result in her dismissal. On February 10, 1981, a local newspaper published an article in which Respondent expressed her views concerning these dismissal charges. The following day, February 11, 1981, the Superintendent of Schools suspended Respondent

without pay. Her suspension was based on her comments in the newspaper, and was not related to the dismissal charges pending against her.

Hearings on Respondent's suspension and dismissal were held between February 26, 1981 and March 21, 1981. On May 1, 1981, the School Board ratified the Superintendent's suspension of Respondent and dismissed her as Assistant Principal. Respondent appealed both actions to the Secretary of Education, who upheld the dismissal, but sustained Respondent's appeal from her suspension without pay. The Secretary ordered back pay for Respondent from February 11, 1981, the date of her suspension, to May 1, 1981, the date of her dismissal.

The School District, in this appeal, asserts that the Secretary does not have jurisdiction over suspension actions, because appeals from suspensions are governed by the Local Agency Law (Law).[1] We agree.

Section 1125.1 of the Public School Code of 1949[2] provides the procedures to be used in a suspension action. Subsection (f) of Section 1125.1 states specifically that, "A decision to suspend in accordance with this section shall be considered an adjudication within the meaning of the act known as the 'Local Agency Law.'" Local Agency Law, therefore, governs the manner in which a suspended professional employee may appeal from the suspension action. Under Section 752 of the Law, 2 Pa. C. S. §752, Respondent should have appealed to the Court of Common Pleas of Luzerne County.

Because the Secretary was without jurisdiction to hear the appeal from the suspension, we vacate the decision of the Secretary, and dismiss Respondent's appeal

---

[1] 2 Pa. C. S. §§551-555, 751-754.

[2] Act of March 10, 1949, P.L. 30, added by Act of November 20, 1979, P.L. 465, 24 P.S. §11-1125.1.

to the Secretary without prejudice. *Central Westmoreland Area Vocational-Technical School v. Scanlon,* 54 Pa. Commonwealth Ct. 435, 421 A.2d 861 (1980).

## ORDER

AND NOW, April 28, 1986, that portion of the decision of the Secretary of Education in Teacher Tenure Appeal No. 5-81, dated March 15, 1983, sustaining the appeal from the suspension without pay is vacated, and the appeal of Mary C. Redgate to the Secretary of Education from the suspension is dismissed without prejudice to her right to pursue her Local Agency Law appeal.