## Commonwealth v. Kerr

*William M. Panella,* for plaintiff.
*Norman A. Levine,* for defendant.

McCRACKEN, *P.J.,* April 9, 1991—This is a proceeding in quo warranto brought to determine whether the auditor of a second class township may also serve as a school director of the second class school district in which the township lies, if he does not audit any finances or funds belonging to or controlled by the school district.

The defendant, James Kerr, was elected auditor of Union Township on November 7, 1989. At the same municipal election he was also elected a member of the Board of School Directors of the Union Area School District. On July 23, 1990, the Commonwealth, through the district attorney of Lawrence County, initiated these proceedings to ascertain whether the two offices are incompatible.

There is no factual dispute whatever in this case. It is agreed that the defendant is, at the present time, both the auditor of Union Township, a second class township, and a school director of the Union Area School District, a second class school district. It is also agreed

that the defendant does not, in his capacity as township auditor or otherwise, audit any funds or finances belonging to, or controlled by, the Union Area School District. The controversy turns on the interpretation of two statutes, each of which declares certain offices incompatible, and whether these statutes are inconsistent with each other so that the more recently enacted statute must be regarded as implicitly repealing the earlier one. In examining the statutes in question we are guided by the principle that repeal by implication is not favored and that courts are to presume that the legislature, in enacting a statute, does so with full awareness of existing statutes on the same subject. Accordingly, a court is not to find an implicit repeal unless there is such inconsistency or repugnancy between the two statutes that the legislature could not have intended both to be in force or unless the latter statute completely revises the subject matter of the former. *Kingston Borough v. Kalanosky,* 155 Pa. Super. 424, 38 A.2d 393 (1944).

Section 3-322 of the Public School Code of 1949[1] entitled "Eligibility; incompatible offices" states the criteria (age, residency, citizenship and moral character) required for eligibility for the office of school director. It then includes a provision which declares that certain individuals holding other positions may not serve in that office.

"Provided, that any person holding any office or position of profit under the government of any city of the first class, or the office of mayor, chief burgess, county commissioner, district attorney, city, borough or township treasurer, member of council in any municipality, township commissioner, township supervisor, tax collector, assessor, assistant assessor, any comp-

---

1. Act of March 10, 1949, P.L. 30, Art. III, §322 amended by Act of January 12, 1968, P.L. 3 no. 2, §1 (24 Pa.C.S. §3-322).

troller, auditor, constable, executive director or assistant executive director of an intermediate unit, supervisor, principal, teacher or employee of any school district, shall not be eligible as a school director in this Commonwealth."

The clear implication of this statute is that certain municipal officers and employees, including township auditors, are ineligible to serve as school directors. At the same time, however, section 65411 of the Second Class Township Code[2] entitled "Auditors" creates the office of auditor in each township of the second class and further provides:

"No auditor shall at the same time hold any other elective or appointive township office in the township in which he is employed as an auditor, and no auditor shall at the same time hold any other elective or appointive school district office or employment in any school district of the second, third or fourth class if he audits any finances or any funds belonging to or controlled by the school district."

The final clause of this section, making auditors who audit school district funds ineligible for employment by the school district, was added to section 65411 at its amendment in 1965. Accordingly, the defendant in this case takes the position that this amendment served to repeal, or at least to modify, section 3-322 of the Public School Code of 1949 which renders all township auditors ineligible to be school directors regardless of whether they audit funds of the school district. He thus contends that the 1949 prohibition no longer applies to auditors such as himself who do not audit school district funds.

---

2. Act of May 1, 1933, P.L. 103, Art. IV, §411, amended by Act of May 3, 1965, P.L. 36, §1 (53 Pa.C.S. §65411).

If section 3-322 had been expressly repealed, with the result that section 65411 were the only disqualifying statute involved in this case, then we could easily agree with the defendant's position. The second paragraph of section 65411 imposes two disqualifications on township auditors: it prohibits *all* auditors from holding other offices, either elected or appointed, in their townships and, in addition, it prohibits those auditors who audit the funds of school districts from holding any office or employment with the school district. (We should observe at this point that the ban on holding "any other elective or appointive school district office or employment" is more comprehensive than the ban on serving as a school director found in section 3-322.) Since the ban on employment by a school district applies only to those township auditors who audit the school district funds, it is clear that this defendant, not being such an auditor, is not prohibited by section 65411 of the Second Class Township Code from holding office or employment in the Union Area School District.

There remains, however, the question of whether he is so prohibited by some other statutory provision, specifically by section 3-322 of the Public School Code. The second sentence of that section, as we have already noted, prohibits anyone who holds one of several designated municipal offices, including a township auditor, from serving as a school director. No distinction is made between those auditors who audit school district funds and those who do not. All township auditors are rendered ineligible to be school directors. Thus, under section 3-322 the defendant may not be a school director and a township auditor simultaneously.

The question then is whether these two statutes are irreconcilably conflicting to such a degree that we must conclude that both cannot be effective. We conclude that there is no such conflict. Section 3-322 of the Public School Code has been amended frequently since it was first enacted in 1949, most recently on June 26, 1989. Each time the same language was retained declaring that any holder of one of the designated municipal offices "shall not be eligible as a school director." Various changes have been made in the list of incompatible offices but through all these changes, the General Assembly, pursuant to its Constitutional authority to declare what offices are incompatible (Pa. Const. Art. VI §2) has consistently stated that those who hold these offices may not, at the same time, be school directors. *Commonwealth ex rel. Biehn v. Hager,* 487 Pa. 179, 409 A.2d 24 (1979), *Commonwealth ex rel. Waychoff v. Tekaver,* 456 Pa. 521, 319 A.2d 1 (1974), *Commonwealth ex rel. Williams v. Romascavage,* 27 Monroe L.R. 211 (1971), *Penz v. Stowe Township Board of School Directors,* 39 D.&C.2d 562 (1966). No exception exists in the statute for auditors who do not audit school district funds. Nor does the 1965 amendment to section 65411 of the Second Class Township Code create such an exception. Rather, it places further restrictions on the auditors of second class townships by providing not only that they are disqualified from holding other offices in their townships, but also that if they audit the finances or funds of a school district they may not hold any office or employment in the school district (not merely the position of a school director). Obviously, this latter restriction does not apply to township auditors who do not audit the school

district's funds but it does not thereby follow that such auditors are exempt from the prohibition of section 3-322 of the Public School Code, a section which is unaffected by the 1965 amendment of section 65411.

Thus, when the two statutes are laid side by side and compared, a consistent body of law emerges regarding the relationship between a school district and a township auditor. The law on the that subject as derived from the two statutes may be stated as follows: A township auditor may not serve as a school director. In addition, if the auditor audits any funds or finances belonging to, or controlled by, the school district, he may not hold *any* office or employment under that district. When they are viewed in this manner, the two statutes are not inconsistent and neither one has impliedly repealed the other.

Applying this law to the present case, we arrive at the following conclusion. Because Mr. Kerr does not audit funds belonging to, or controlled by, the Union Area School District, he is not subject to the prohibition on employment by that district which 53 Pa.C.S. §65411 imposes on auditors who do perform that function. Nonetheless, because he is a township auditor, he is, irrespective of 53 Pa.C.S. §65411, ineligible by virtue of 24 Pa.C.S. §3-322 to hold the office of school director in any school district inasmuch as the latter statute bars county and municipal officers, including township auditors, from that position. To put it another way, while we accept Mr. Kerr's contention that he is not barred by the Second Class Township Code from being both a school director and a township auditor, we conclude, notwithstanding, that he is so barred by the Public School Code the provisions of which are not inconsistent with those of the Second Class Township Code and must therefore be given equal effect. Regardless of

what steps Mr. Kerr may take to avoid any possible conflict of interest, the legislature has determined that he may not hold both offices at once.

Having determined that the two offices are incompatible, we conclude that the defendant must be required to resign one of his positions.

## ORDER OF COURT

Now, April 9, 1991, the court finds that the Office of Auditor of Union Township is legally incompatible with membership on the Board of School Directors of the Union Area School District and holds that the defendant, James Kerr, may not hold both positions and must resign from one of them.